UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SPYCHALSKI,

       Plaintiff,

v.

UNITED STATES OF AMERICA,

       Defendant.

CASE NO. 2:21-cv-

HON.

MICHAEL J. ROTHSTEIN (P70240)
WILLIAM C. HARSHA (P40308)
SHIRLENE A. ARMSTRONG (P83693)
ROTHSTEIN LAW GROUP PLC
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI  48075
(248) 355-2048/ (248) 355-2079 *fax*
mjr@rothsteinlawgroup.com
wch@rothsteinlawgroup.com
sarmstrong@rothsteinlawgroup.com

There is no other pending or resolved civil action
arising out of the same transaction or occurrence
as alleged in this Complaint.

      _____/s/ Michael J. Rothstein_____
      MICHAEL J. ROTHSTEIN (P70240)

## **COMPLAINT**

NOW COMES Plaintiff herein, SCOTT SPYCHALSKI, by and through his

attorneys, ROTHSTEIN LAW GROUP PLC, and in support of his Complaint against

Defendant, UNITED STATES OF AMERICA, shows unto this Honorable Court as follows:

## **GENERAL ALLEGATIONS**

1.     That Plaintiff, SCOTT SPYCHALSKI, is a resident of the City of Temperance, County of Monroe, State of Michigan.

2.     That based upon information and belief, the Defendant is the United States of America, which operates an independent agency of the Executive Branch of the United States Government; the United States Postal Service in the City of Detroit, County of Wayne, State of Michigan.

3.     That based upon information and belief, JEFFREY BUNKER, was an employee, servant and/or agent of the United States Postal Service.

4.     That this case involves a motor vehicle accident which occurred on or about May 18, 2019, in the township of Bedford, County of Monroe, State of Michigan.

5.     That the United States of America through its agency, United States Postal Service, had in its employ, JEFFREY BUNKER, on May 18, 2019.

6.     That Jurisdiction is based on Federal Question Jurisdiction based on the Federal Tort Claims Act, 28 USC 1346(b), 2671–2680.

7.     That the amount in controversy exceeds $75,000.00.

## COUNT I – FEDERAL TORT CLAIMS ACT AGAINST
## DEFENDANT UNITED STATES OF AMERICA

8.      Plaintiff herein reincorporates and realleges Paragraphs 1 through 7 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

9.      That on or about May 18, 2019, Plaintiff was operating a certain 2008 gray Mitsubishi motor vehicle bearing Michigan License Plate Number DWC4494 and Vin Number JA3AU86U28U032324 (hereinafter referred to as "Plaintiff's vehicle").

10.      That based upon information and belief, JEFFREY BUNKER, at all times relevant herein, was the operator of a motor vehicle identified as U.S. Postal Vehicle 3315048 (sometimes herein referred to as "Defendant's vehicle"), and was responsible for the use, operation, and was in control of same at the time of the subject motor vehicle accident.

11.      That at all relevant times on or about May 18, 2019, Plaintiff was operating his vehicle eastbound on Erie Road, a two-lane road, near its intersection with Goff Road, in the township of Bedford, County of Monroe, State of Michigan.

12.      That at all relevant times on or about May 18, 2019, JEFFREY BUNKER was operating Defendant's vehicle and stopped at a mailbox on Erie Road, facing eastbound, partially on the shoulder and partially on the roadway, and as Plaintiff's vehicle started to pass the postal vehicle, JEFFREY BUCKNER  then, all of a sudden and without any warning, attempted to turn the postal vehicle left from the mailbox and onto the side

3

street, Goff Road, in the Township of Bedford, County of Monroe, State of Michigan, causing Plaintiff to swerve to avoid the postal vehicle, and resulting in Plaintiff's vehicle striking a utility pole and being involved in a motor vehicle accident.

13.     That, based upon information and belief, at all times relevant herein Defendant, the UNITED STATES OF AMERICA, was the sole and/or co-owner(s) of the vehicle that JEFFREY BUNKER, was operating at the time of the aforementioned motor vehicle accident.

14.     That JEFFREY BUNKER, was operating Defendant's vehicle with the full consent and knowledge of Defendant, the UNITED STATES OF AMERICA, and in the course of employment with Defendant, the UNITED STATES OF AMERICA, accordingly, is liable and responsible for all damages sustained by Plaintiff proximately caused by JEFFREY BUNKER's negligence pursuant to the Federal Tort Claims Act and MCL 257.401 et. seq., as amended, and other applicable statutes of the State of Michigan governing owner's liability for the negligent operation of motor vehicles and the common law of the State of Michigan.

15.     That on May 18, 2019, the U.S. Postal Service employee, JEFFREY BUNKER, was in the course of his employment when he operated a U.S. Postal Vehicle 3315048 upon the streets and driveways of the Township of Bedford, County of Monroe, State of Michigan.

16.     That based upon information and/or belief, the U.S. Postal Vehicle 3315048 was owned by the Defendant the UNITED STATES OF AMERICA through its agency, the United States Postal Service, 1401 W. Fort Street, Room 909B, Detroit, MI 48233.

17.     That the United States of America through its agency, the United States Postal Service, as the owner of the vehicle is liable for the injury to the Plaintiff SCOTT SPYCHALSKI, as the U.S. Postal vehicle was driven by the United States Postal Service employee, JEFFREY BUNKER, on May 18, 2019 with the knowledge and consent of the United States Postal Service.

18.     That Plaintiff served the United States Postal Service with a Notice of Injury and Damage in a Form 95 signed by the Plaintiff's counsel, and dated and submitted on or about August 15, 2019, pursuant to 28 USC 2671 et seq. and other applicable federal statutes.

19.     That Plaintiff listed his injuries including but not limited to injuries to his mid and lower back, right arm, right wrist, left hand including multiple fractures, left wrist, concussion, loss of consciousness, short term memory problems, anxiety, and depression.

20.     That Plaintiff, SCOTT SPYCHALSKI, has satisfied all conditions precedent required by the Federal Tort Claims Act including, but not limited to the submission of the Form 95 to the United States Postal Service.

21.     That the United States Postal Service denied the Plaintiff's claim on or about May 1, 2020.

22.     That on September 9, 2020 and pursuant to 39 C.F.R. 912.9 (b), Plaintiff submitted a request for reconsideration of said denial to the United State Postal Service.

23.     That the United State Postal Service acknowledged receipt of Plaintiff's request for reconsideration on September 14, 2020.

24.     That as of the date of the filing of the within action, the United States Postal Service has not taken action on Plaintiff's request for reconsideration.

25.     That on May 18, 2019, the United States Postal Service employee, JEFFREY BUNKER, owed a duty to Plaintiff SCOTT SPYCHALSKI to operate a motor vehicle in a safe and reasonable manner on the streets of the State of Michigan, and, in the violation of that duty, United States Postal Service employee, JEFFREY BUNKER, caused a motor vehicle accident as aforementioned.

26.     That at all times relevant and material hereto, it was the duty of JEFFREY BUNKER to operate said vehicle in a safe and reasonable manner and exercise such due care in such vehicle's operation as the rules of the common law require and in accordance with the laws of the State of Michigan and all subdivision thereof having jurisdiction.

27.     That, contrary to the duties set forth above and below, JEFFREY BUNKER was negligent, careless, and exhibited a reckless disregard of the lives and safety of individuals such as Plaintiff in the operation of Defendant's motor vehicle, and further breached the aforesaid duties owed to Plaintiff, both statutory and common law, by way of illustration and not limitation:

A.      Failing to operate his vehicle at a safe and prudent speed not greater than nor less than reasonable and proper. MCL 257.627(1) and MCL 257.628;

B.      Failing to operate his vehicle in a reasonably careful and prudent manner, and failing to keep his vehicle under control so as to avoid a collision. MCL 257.627(1) and MCL 257.628;

C.      Driving his vehicle on the highway and/or roadway carelessly and heedlessly in willful disregard of the safety of others, without due caution and circumspection, so as to endanger persons and property. MCL 257.626(b);

D.      Failing to yield the right of way.  MCL 257.649;

E.      Failing to utilize a traffic turn signal. MCL 257.648;

F.      Failing to make reasonable and proper observations and draw reasonable and proper conclusions which were necessary at the time so as to avoid the motor vehicle accident with another vehicle. MCL 257.627(1) and MCL 257.628;

G.      Operating his vehicle in a reckless manner without regard for the safety of others; MCL 257.626;

H.      Committing moving violations resulted in an at-fault accident. MCL 257.320(a)(1)(m);

I.      Committing moving violations that are the proximate cause of serious impairment of body function of another person. MCL 257.601(d);

J.     Changed lanes without first ascertaining that said movement could be made safely.

K.     Committing other acts and/or omissions which constitute breaches of duties owed Plaintiff with respect to the operation of a motor vehicle, which Plaintiff reserves the right to add at a later date.

28.     That in the happening of the aforesaid accident, Plaintiff herein was not negligent.

29.     That as a direct and proximate result of the aforementioned breaches of duties and negligence of JEFFREY BUNKER, Plaintiff was caused to and likely will continue to suffer severe, serious, painful, permanent, and/or disabling injuries, physical and/or psychological, including serious impairment(s) of body function(s) and/or permanent serious disfigurement.

30.     That as a direct and proximate result of the aforementioned negligence and breaches of duties of JEFFREY BUNKER, Plaintiff herein was made to suffer serious and disabling injuries; including but not limited to injuries to his skeletal, nervous, cardiovascular and/or musculoskeletal systems, and injuries to the muscles, tendons, ligaments, nerves, bones and tissues of his head, back, neck, arms, hands, wrists, and/or other parts of his body, and/or aggravation of pre-existing conditions as well as other serious and disabling injuries, the nature and extent of which are not completely known at this time.

31.     That as a direct and proximate result of the aforementioned negligence and breaches of duties of JEFFREY BUNKER, Plaintiff's vehicle was totaled and he incurred $1,000.00 in property loss damages.

32.     That as a result of the aforesaid accident, Plaintiff suffered, and will likely continue to suffer, great pain, discomfort, embarrassment, mental anguish, psychological trauma, depression, gross anxiety, and inconvenience.

33.     That prior to the accident, Plaintiff herein was in reasonably good health and was able to and did participate in most of the usual activities of life, but since said accident, Plaintiff has been under medical care and in a state of continued pain, stress, and discomfort, all preventing him from engaging in many of those activities he engaged in prior to the accident.

34.     That as a direct and proximate result of the subject automobile accident, Plaintiff, was made to suffer serious and disabling injuries as hereinabove described.

35.     That the aforesaid injuries and damages sustained by Plaintiff constitute a serious impairment of a body function(s) and/or serious permanent disfigurement and/or head injury.

36.     That as a direct and proximate result of the motor vehicle accident and the injuries Plaintiff sustained therein, Plaintiff has sought and obtained continued medical treatment and attention, including, but not limited to hospital, doctor, therapist, and/or nursing services, and will likely require medical treatment in the future.

WHEREFORE, Plaintiff herein, SCOTT SPYCHALSKI, prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, in the sum of $20,001,000.00 or such other amount that this Honorable Court deems Plaintiff is entitled, together with interest and attorney fees that may be applicable.

Respectfully submitted,

ROTHSTEIN LAW GROUP PLC

/s/ Michael J. Rothstein
MICHAEL J. ROTHSTEIN (P70240)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048

Dated: April 19, 2021